IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 314-002 |
| | ) |
| ANATAY SXLESYLL KYLER | ) |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

**GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure. (Doc. no. 173; doc. no. 226, p. 1.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's

file pertaining to this case renders the general discovery requests **MOOT**.  (Doc. no. 116.)

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

The Court **GRANTS** this motion.  (Doc. no. 115.)  Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

## MOTION FOR A BILL OF PARTICULARS

Defendant is charged with one count of Possession with Intent to Distribute Cocaine, one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, and four counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He is also charged with one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime and one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. 922(g)(1).  Defendant has also been charged with five counts of Use of a Communication Facility in committing, causing, and facilitating the charged conspiracy, in violation of 21 U.S.C. § 843(b).  Defendant filed this motion seeking from the government information concerning the exact time, date and place the alleged crimes as set forth in the indictment occurred; whether Defendant is charged as an aider or abettor, or a principal, and if as an aider and abettor, how he aided and abetted the alleged offenses in the indictment; the places at which each overt act on which the prosecution intends to rely at trial were allegedly performed; the specific nature of the acts Defendant is alleged to have personally performed; the identification of all of the persons present during each of the acts allegedly performed; the names of all witnesses who testified before the Grand Jury whether or not each witness testified from personal knowledge or through hearsay; whether the government obtained any information

2

concerning the matters alleged in the indictment by means of electronic listening devices, wiretaps, telephonic tapes or other forms of electronic surveillance, and if so, the circumstances in each instance, giving the date, time, place and means used in obtaining such information; whether any leads or evidence procured by the government resulted from any search of any premises, personal property or vehicles owned by Defendant; and, whether the government performed or caused to be performed any scientific tests in connection with the matters in the indictment. (Doc. no. 117, pp. 1-3.)

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such

information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). The indictment in the case is specific and supports each of the requisite elements of the charged offenses. In addition, the government has provided liberal discovery consisting of investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure (doc. no. 173). Because the government appears to have provided all information essential for trial preparation by the defense, the Court **DENIES** Defendant's motion. (Doc. no. 117.)

## MOTION FOR PRE-TRIAL JAMES HEARING

Defendant moves for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. To lay the proper foundation for admission of a co-conspirator statement pursuant to Federal Rule of Evidence 801(d)(2)(E) and under the standard enunciated in United States v. James, 590 F.2d 575, 582 (5th Cir. 1978) (*en banc*), "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." United States v. Harrison, 246 F. App'x 640, 651 (11th Cir. 2007). However, as the trial court may consider both co-

4

conspirator statements and independent external evidence in making a determination on admissibility, a pre-trial determination under <u>James</u> is not required. <u>United States v. Magluta</u>, 418 F.3d 1166, 1177-78 (11th Cir. 2005); <u>United States v. Van Hemelryck</u>, 945 F.2d 1493, 1497-98 (11th Cir. 1991). Thus, the required finding need not be made pre-trial and can be made at the close of the government's case in chief. <u>United States v. Johnson</u>, No. 2:12cr84-MHT, 2012 WL 5392267, at *2 (M.D. Ala. Nov. 5, 2012) (citing <u>United States v. Sanchez</u>, 722 F.2d 1501, 1507 (11th Cir. 1984)). Indeed, the Supreme Court has ruled that a trial court may examine hearsay statements prior to admission when making a preliminary factual determination under Rule 801(d)(2)(E) and further explained, "the judge should receive the evidence and give it such weight as his judgment and experience counsel." <u>Bourjaily v. United States</u>, 483 U.S. 171, 181 (1987) (citation omitted).

As the need for a <u>James</u> hearing is lessened in light of <u>Bourjaily</u>, and in the interest of judicial economy, this determination will be made at trial. Therefore, the Court **DENIES** the motion for a pre-trial <u>James</u> hearing. (Doc. no. 118.)

### MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. <u>United States v. Schier</u>, 438 F.3d 1104, 1112 (11th Cir. 2006); <u>United States v. Jordan</u>, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); <u>United States v. Jimenez</u>, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid

5

unnecessary delay and inconvenience to the Court and jury, the government is **INSTRUCTED** to provide Jencks Act material fourteen days prior to trial.  (Doc. no. 211.)

### MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705.  In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion (doc. no. 225), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial.

SO ORDERED this 21st day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA